UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JENNIFER VICKERS,

        Plaintiff,

v.                       C-1-09-397

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**ORDER**

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 16), plaintiff's objections thereto (doc. no. 17) and defendant's response (doc. no. 19). Plaintiff, a Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) claimant, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying plaintiff's application for DIB and SSI benefits. The Magistrate Judge concluded that there is substantial evidence to support the Commissioner's findings and recommended that the final decision of the Commissioner that plaintiff is not entitled to benefits be

2

**affirmed.**

**I.**

**Plaintiff filed applications for DIB and SSI on June 12, 2006, alleging a disability onset date of May 1, 2006.  Those applications were denied at the state agency levels and plaintiff requested a *de novo* hearing before the ALJ.  An evidentiary hearing was held on March 17, 2008. Plaintiff, who was represented by counsel, was present and testified at the hearing.  Donald Woolwine testified as a Vocational Expert. Following the hearing, the ALJ requested that plaintiff undergo additional psychological and physical examinations.  The hearing reopened on September 4, 2008.  Plaintiff appeared with counsel and testified as did a Vocational Expert, Gina K. Baldwin.  On October 23, 2008, the ALJ entered his non-disability finding.  Upon denial of review by the Appeals Council, that decision became the final determination of the ALJ.**

3

**II.**

**Plaintiff presents two objections to the Report and Recommendation.  First, plaintiff claims that the Magistrate Judge erred in finding that the ALJ gave proper consideration to the opinions of the treating source, Dr. Tsai.  Second, plaintiff argues that the Magistrate Judge erred by dismissing her argument that this case should have been reviewed for a grant of benefits under Listing 12.05(C).**

**Defendant contends that the Court should reject plaintiff's arguments because they are not proper objections.  To the extent the Court considers plaintiff's arguments, defendant contends that the Magistrate Judge properly rejected the treating source's opinions as unsupported and found they conflicted with another medical source's well-supported opinion and other substantial evidence.  Defendant also contends that the Magistrate Judge did not err in dismissing plaintiff's argument that she met or equaled Listing 12.05(C).**

4

**III.**

**Judicial review of the Commissioner's decision is limited in scope by 42 U.S.C. § 405(g). The Court's sole function under the statute is to determine whether there is substantial evidence to support the Commissioner"s findings of no disability. The Commissioner's findings should stand if, after a review of the record in its entirety, the Court finds that the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Mullen v. Sec. of HHS*, 800 F.2d 535 (6th Cir. 1986); *Kirk v. Sec. of HHS*, 667 F.2d 524 (6th Cir. 1981).**

**Plaintiff has properly presented her objections to the Report and Recommendation. Upon a *de novo* review of the record, the Court finds the objections are not well-taken. First, the record shows that the ALJ gave proper consideration to the opinions of the treating source and was warranted in rejecting them. Second, the evidence does not show that plaintiff is entitled to a grant of benefits under Listing 12.05(C). Plaintiff argues that she is disabled under Listing 12.05(C) because (1) recent testing has measured her IQ to be 64, and it is reasonable to assume her IQ was no higher than this before she was 22 years old, and (2) she**

suffers from anxiety which has caused her to be hospitalized on two occasions. However, even if plaintiff did have an IQ of 64 or below before age 22, her IQ together with her anxiety are not enough to satisfy Listing 12.05(C). Rather, plaintiff must also have suffered from deficits in adaptive functioning prior to age 22. The Magistrate Judge properly found there is no evidence to support a finding that she suffered from such deficits before that age.

For these reasons, the Court agrees with the Magistrate Judge that the Commissioner's decision is supported by substantial evidence in the record. Accordingly, the Court ADOPTS AND INCORPORATES BY REFERENCE HEREIN the Report and Recommendation of the United States Magistrate Judge (doc. no. 16). The final decision of the Commissioner denying plaintiff Disability Insurance Benefits and Supplemental Security Income benefits is hereby AFFIRMED. This case is TERMINATED on the docket of this Court.

IT IS SO ORDERED.

S/ Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court